Moss, S.
The sole question presented in this probate proceeding is whether a will may be admitted to probate wherein the attestation clause refers to one other than the testatrix as the person who executed the will.
The propounded instrument consists of two sheets of paper typewritten on one side. Paragraphs “First” through the “ Fourth ” on page one contain all the dispositive provisions of the decedent and the nomination of an executor. The provisions of the “ Fifth ” paragraph, which begin on the bottom of the first page and are continued and completed on the top of the second page, are of a nondispositive nature. This is followed by the testimonium clause and the signatures of the decedent and of the witnesses.
The witnesses testified that decedent subscribed the instrument in their presence, that to each of them she declared it to be her will, that she requested them to subscribe their names as witnesses thereto and that they subscribed their names thereon in the presence of the decedent and of each other. The witnesses further testified that at the time of the execution of the instrument the decedent was fully competent to make a will and free from restraint.
The court is satisfied that the instrument should be admitted to probate unless the recitals contained in the attestation clause affect its validity.
The same three witnesses signed their names and wrote their addresses below the attestation clause. It is in the conventional form, but instead of attesting that the decedent subscribed the instrument, the attestation clause used the name of decedent’s husband. The attorney draftsman who supervised the execution and is one of the subscribing witnesses, produced the will of decedent’s husband and testified that it was executed simultaneously with the will of decedent and attested by the same witnesses. He further testified that in preparing the instruments for execution he unknowingly stapled the second page prepared for the will of decedent’s husband to the first page of decedent’s will and the second page prepared for decedent’s will to the first page of the will prepared for her husband. A comparison of the second page subscribed by the decedent and the witnesses with the second page subscribed by her husband and the same witnesses reveals that the provisions of both are identical and *186 that no part of the will of either spouse was affected by the substitution referred to.
Obviously, the testimony of the witnesses conflicts with the contents of the attestation clause of the propounded instrument with respect to the name and gender of the decedent, but it corroborates the statement in the testimonium clause which shows a publication and acknowledgment of the will as that of decedent, which testimonium clause was immediately followed by the signature of decedent and the signatures of the witnesses.
The instant case is distinguishable from Matter of Cutler (58 N. Y. S. 2d 604 and cases cited), and Matter of Egner (112 N. Y. S. 2d 568) which followed it. In the Cutler case, decedent’s husband attempted to probate the instrument prepared for him, but signed by her, though he was nominated in the instrument prepared for her, but signed by him. The Egner case was almost factually identical with the Cutler case. The will in each case was denied probate on the ground that the decedent had executed an instrument which obviously did not contain the testamentary disposition intended by her.
The attestation clause in the propounded instrument under all the facts and circumstances shown herein may be disregarded, in view of the signatures of the witnesses following the testimonium clause. On all the proof the court is satisfied that the propounded instrument subscribed by decedent and the witnesses contains the testamentary disposition intended by decedent. Accordingly the instrument will be admitted to probate as the last will and testament of decedent. Settle decree on notice.